November 7, 1910.

———o———

### 4822.

(Court of Appeal, Parish of Orleans).

## EMILE LEVY vs. HAROLD A. AND ALLYN MOISE.

Mere suspicious circumstances alone are not sufficient to prove, as against the holder, notice of a defect in the title of the person negotiating the note to him, but in such case there must be proof of actual knowledge of the defect or of facts sufficient to charge him with bad faith in taking the instrument.

Appeal from the Civil District Court Division "E."

Jos. A. Casey, attorney for appellee.

H. A. Moise, attorney for appellant.

GODCHAUX, J.—Plaintiff sues the defendants, Harold and Allyn Moise, as makers and endorsers respectively, on a promissory note payable originally to H. G. Stewart and by him endorsed to plaintiff.

One of the defenses urged in the lower court of want of timely protest is abandoned here, and the defendants now confine themselves to the claim that the original holder, Stewart, was without title to the note and that the plaintiff, Levy, had full notice thereof, and consequently, not being a holder in due course, his demand should be rejected. In the lower court there was judgment for plaintiff as prayed for, and defendants have appealed.

From the conclusion which we have reached upon the facts of the case as disclosed by the record, it is unneces-

—8—

sary to determine whether or not Stewart had a good title to the note, nor to consider whether or not, if that title was proved defective, the burden then rested upon plaintiff to show that he was a holder in due course as provided by Section 59 of Act 64 of 1904, the Negotiable Instrument Act. For conceding that Stewart was proved to be without title and that, the burden consequently shifted upon plaintiff to show that he was a holder in due course, we find as a fact that his uncontradicted testimony proves him to be such. Against his positive, unimpeached testimony, defendants offer no proof whatever, but simply point to several minor incidents which they term "probabilities," as supporting their defense and as destructive of plaintiff's testimony. In fact that plaintiff and Stewart were close friends; that they were both money brokers; that they both went out of business when the Legislature enacted a statute directed against money brokers; that Levy does not seek to hold Stewart in this proceeding liable as an endorser; and, finally, the further fact that the consideration for the transfer of the note consisted in the cancellation of a debt and not a cash payment, are all incidents which might perhaps, under certain circumstances, throw suspicion upon the transaction; but, whether considered separately or in the aggregate, are not sufficient to overcome plaintiff's affirmative proof. To maintain the defense, this Court would have to hold Levy guilty of fraud and bad faith and this it is not prepared to do upon the evidence submitted, particularly when our law requires that to hold him guilty of notice of the defect in Stewart's title something more than mere suspicious circumstances must be presented.

> "To constitute notice of an infirmity in the instrument or defect in the title of the person negotiating the same, the person to whom it is negotiated must have actual knowledge of the infirmity or defect, or knowledge of such facts that his action in taking the instrument amounted to bad faith."

Sec. 56, Act 64 of 1904.

— 9 —

The defense is not well founded and accordingly the judgment is affirmed.

November 7, 1910.

Rehearing refused, Dec.

————o————

## 5075.

### (Court of Appeal, Parish of Orleans).